IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|  |  |  |
|---|---|---|
| **BRANDON WATSON,** | * | |
| Plaintiff | * | |
| v. | * | CIVIL NO. JKB-15-0307 |
| **CITY OF ABERDEEN** *et al.*, | * | |
| Defendants | * | |

\* \* \* \* \* \* \* \* \* \* \* \*

## **MEMORANDUM**

Plaintiff Brandon Watson filed a complaint against the City of Aberdeen, Maryland, the Aberdeen Police Department, and several officers of the Aberdeen Police Department ("APD").[1] (Compl., ECF No. 2.) Watson alleges he was wrongly arrested based on his race (African American) and held in jail for twenty days before he was released on bond, causing him to suffer lost income as well as humiliation, inconvenience, and embarrassment; he also alleges the police officers have harassed him and one pulled out his gun to order him to leave the Aberdeen Police Station when he went there to complain about the harassment. He alleges the charges against him were dropped before trial. Watson alleges Defendants are liable for a violation of his 14th Amendment due process right, for the torts of assault, battery, false arrest, false imprisonment, intentional infliction of emotional distress, gross negligence, and negligent retention and hiring, and for violation of his rights under the Maryland Declaration of Rights, Articles 24 and 26. (*Id.*)

---

[1] Officer Thaddeus Thomilson, PFC Raul Forsmark, Detective John Divel, Cpl. Craig Gentile, and Fredrick Harry Budnick are the individuals sued.

Pending before the Court is Defendants' motion to dismiss, or in the alternative to bifurcate, the City, APD, and the officers in their official capacities and partial motion to dismiss the officers in their individual capacities. (ECF No. 7.) Plaintiff, who is represented by counsel, filed a document nominally titled as a response in opposition, but which provides no meaningful response in reality. (ECF No. 11.) The Court has considered the motion, the response, and the reply (ECF No. 12) and finds no hearing is necessary, Local Rule 105.6 (D. Md. 2014). The motion to dismiss the City, APD, and the officers in their official capacities will be granted as to Count I (42 U.S.C. § 1983) and it and the partial motion to dismiss the officers in their individual capacities will be granted in part and denied in part as to the remaining counts. Watson will be granted leave to amend on the issue of compliance with statutory notice under Maryland's Local Government Tort Claims Act.

## I. Standard of Dismissal for Failure to State a Claim

A complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Facial plausibility exists "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. An inference of a mere possibility of misconduct is not sufficient to support a plausible claim. *Id.* at 679. As the *Twombly* opinion stated, "Factual allegations must be enough to raise a right to relief above the speculative level." 550 U.S. at 555. "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' . . . Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555, 557). Although when considering a motion to

dismiss a court must accept as true all factual allegations in the complaint, this principle does not apply to legal conclusions couched as factual allegations. *Twombly*, 550 U.S. at 555.

## II. Analysis

### A. Suability of Aberdeen Police Department

Without any opposition from Plaintiff, the Court concludes that APD is not a suable entity. In Maryland, a local police department is considered an agent of the governing locality and is not viewed as a separate legal entity. *See Smith v. Aita*, Civ. No. ELH-14-3074, 2014 U.S. Dist. LEXIS 175950, at *3 (D. Md. Dec. 22, 2014) (dismissing claims against Salisbury Police Department; citing *Hines v. French*, 852 A.2d 1047, 1068 (Md. Ct. Spec. App. 2004)). *See also Levy v. City of New Carrollton*, Civ. No. DKC-06-2598, 2009 U.S. Dist. LEXIS 127062, at *23-24 (D. Md. Mar. 17, 2009) (dismissing claims against New Carrollton City Police Department). Thus, APD will be dismissed from the case.

### B. Count I – 42 U.S.C. § 1983 (14th Amendment Due Process)

The first count cannot proceed against either the City or the officers sued in their official capacities. As to the latter, suing the officers in their official capacities is the same as suing the City. *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985) (noting governmental entity is "real party in interest" in official capacity suit); *Nivens v. Gilchrist*, 444 F.3d 237, 249 (4th Cir. 2006) (claim for monetary damages against public official in his official capacity is, in effect, one against governmental entity employing the official). As to the City, the complaint fails to state a claim for relief because the City cannot be held liable under 42 U.S.C. § 1983 on a theory of *respondeat superior* and because the complaint fails to allege with particularity a policy or custom of the City that caused Watson's damages. A municipal entity may not be held liable under *respondeat superior* but may only be held liable for damage caused by an entity's

"lawmakers or by those whose edicts or acts may fairly be said to represent official policy." *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978); *Love-Lane v. Martin*, 355 F.3d 766, 782 (4th Cir. 2004) (no *respondeat superior* liability under § 1983). *See also Spell v. McDaniel*, 824 F.2d 1380, 1387 (4th Cir. 1987) ("Because municipal liability results only when the municipality itself can be directly charged with fault for a constitutional violation, it results only when policy or custom as above defined is (1) fairly attributable to the municipality as its 'own,' and is (2) the 'moving force' behind the particular constitutional violation" (citations and footnote omitted)). After dismissal of the City and the officers in their official capacities, only the officers in their individual capacities remain as defendants in Count I.

### C. *Maryland Local Government Tort Claims Act*

Maryland's Local Government Tort Claims Act ("LGTCA") permits suit against local governments and their employees under certain circumstances, providing a plaintiff first gives timely notice to the proper recipient of the plaintiff's claims against them. The LGTCA requires that written notice be given by the claimant or the claimant's representative within 180 days after the injury and further requires that notice be given in person or by certified mail, return receipt requested, to the corporate authorities of the defendant local government. Md. Code Ann., Cts. & Jud. Proc. § 5-304(b), (c) (LexisNexis Supp. 2014).

Compliance may be "substantial compliance":

> The touchstone of substantial compliance is whether the alleged notice was sufficient to fulfill the purpose of the requirement. The purpose of the notice requirement is to apprise local governments of possible liability at a time when they can conduct their own investigation into the relevant facts, while evidence and the recollection of witnesses are still fresh. Thus, substantial compliance will occur when the local government receives actual notice such that it is given the opportunity to properly investigate the potential tort claim.

4

*Hansen v. City of Laurel*, 996 A.2d 882, 891 (Md. Ct. Spec. App. 2010) (alteration, citation, and internal quotation marks omitted), *aff'd*, 25 A.3d 122 (Md. 2011), *quoted in Huggins v. Prince George's County*, 683 F.3d 525, 539 (4th Cir 2012).  Not only must a plaintiff demonstrate substantial compliance as to the notice's content within the 180-day time period, but he must also demonstrate substantial compliance as to the statutory recipient of the notice.  *Huggins*, 683 F.3d at 539.

The notice requirement may be waived "upon motion and for good cause shown" unless the defendant is able to show affirmatively that its defense has been prejudiced by lack of the required notice.  Section 5-304(d).  "A showing of good cause is mandatory; lack of prejudice to the defendant alone does not justify waiver of the LGTCA's notice requirements."  *Huggins*, 683 F.3d at 539.  "'Good cause exists when a claimant prosecutes a claim with that degree of diligence that an ordinarily prudent person would have exercised under the same or similar circumstances.'"  *Id.* (quoting *Wilbon v. Hunsicker*, 913 A.2d 678, 693 (Md. Ct. Spec. App. 2006)).

Although Defendants argue that Plaintiff must, under Maryland case law, plead compliance with the statute (*see* Mot. Dismiss Supp. Mem. 5), the Court does not view a Maryland pleading requirement as binding on the federal courts.  In matters of pleading, federal courts are governed by the Federal Rules of Civil Procedure, not by state practice.  *Swift & Co. v. Young*, 107 F.2d 170, 172 (4th Cir. 1939).  *See also McNair v. Lend Lease Trucks, Inc.*, 95 F.3d 325, 328 (4th Cir 1996) (*en banc*) (sufficiency of pleadings is procedural matter to which federal law applies); 5 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1204 (3d ed. 2004 & Supp. 2014) ("a federal pleading that satisfies the Rule 8(a) standard will not be

dismissed simply because it would be vulnerable to a demurrer or a motion to dismiss in a forum state court").

Nevertheless, because Defendants have challenged the adequacy of notice under the LGTCA, Watson must respond with more than the bare statement in his opposition, "Notice was sent to the Defendants as required by the Local Government Tort Act and no reply was ever received." (*See* Pl.'s Opp'n 3, ECF No. 11.)  He may demonstrate substantial compliance through either an affidavit (supported by exhibits, if they exist) filed with the Court or through amendment of his complaint.  By either route he must provide detailed facts establishing the content of the written notice, its recipient, the date, and the method of notification. Failing either of those choices, Watson may submit a motion that, again with detailed particularity, establishes good cause for lack of compliance and seeks waiver of the LGTCA notice requirements.

The issue of LGTCA compliance affects all of Watson's state law claims, both constitutional and nonconstitutional.  *See Rounds v. Md.-Nat'l Capital Park & Planning Comm'n*, 109 A.3d 639, 648 (Md. 2015) ("generally, the LGTCA notice requirement applies to both state constitutional and non-constitutional tort claims for unliquidated damages").  Until this issue is resolved, and with the exception of the Court's next rulings, *see infra*, the case cannot proceed.

### D. Immunity of City of Aberdeen for Nonconstitutional Torts

It is settled law in Maryland that municipalities are not liable for the acts or omissions of police officers because the officers are performing duties of a public, essentially governmental nature, unlike a municipality's performance of duties that may be characterized as proprietary in nature and for which it may be held liable. *Wynkoop v. Hagerstown*, 150 A. 447, 449-50 (Md. 1930).  This immunity also applies to the torts of negligent hiring, retention, or entrustment in

relation to the employment of police officers by the City. *See Clark v. Prince George's County*, 65 A.3d 785, 790-92 (Md. Ct. Spec. App. 2013). Thus, the City will be dismissed from all state nonconstitutional claims in Counts II through VII.[2] Because Count VII is clearly directed only to the allegedly tortious conduct of the City and APD, and because both entities will be dismissed as to this count, Count VII will be dismissed in its entirety.

### III. Conclusion

Aberdeen Police Department will be dismissed from the case because it is not a suable entity. The City will be dismissed from all counts except the claim arising under Maryland's Declaration of Rights. The police officers will be dismissed in their official capacities from Count I. Count VII, claiming negligent hiring and retention, will be dismissed in its entirety. Plaintiff may follow the directives within this memorandum for demonstrating compliance with the LGTCA or seeking waiver of its requirements. Failure to do so will result in dismissal of all state law claims.

DATED this 8th day of May, 2015.

BY THE COURT:

_____/s/_____
James K. Bredar
United States District Judge

---

[2] Plaintiff mistakenly designated both of the second and third counts as "Count II." If Plaintiff amends his complaint, he should correct this misnumbering.