IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|  |  |  |
|---|---|---|
| **BRANDON WATSON,** | * | |
| Plaintiff | * | |
| v. | * | CIVIL NO. JKB-15-0307 |
| **CITY OF ABERDEEN** *et al.*, | * | |
| Defendants | * | |

\* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM AND ORDER

Previously in this civil rights case, the Court dismissed Aberdeen Police Department from the case, dismissed the City of Aberdeen from all counts except Count VIII, dismissed Defendants Thomilson, Forsmark, Divel, Gentile, and Budnick in their official capacities from Count I, dismissed Count VII, and otherwise denied Defendants' motion to dismiss (ECF No. 7). (ECF No. 14.) The Court deferred ruling on the portion of the motion to dismiss the state-law claims based on Defendants' argument that Plaintiff Brandon Watson had failed to comply with the Maryland Local Government Tort Claims Act's requirement of notice prior to suit. (5/8/2015 Mem. Op. 6, ECF No. 13.) The Court allowed Watson the option of demonstrating substantial compliance with the LGTCA either by amendment of his complaint or by filing an affidavit with supporting exhibits; otherwise, he could file a motion showing good cause for lack of compliance. (*Id.*) After considering the parties' supplemental filings (ECF Nos. 15, 17, 20, 21), the Court finds Watson substantially complied with the notice requirement.

Watson responded to the Court's order by filing his attorney's affidavit and exhibits, including copies of two letters sent to the Mayor of the City of Aberdeen and the Chief of the

Aberdeen Police Department. (ECF No. 15.) The first letter is dated July 22, 2014, and notifies the recipients of Brandon Watson's claims of false arrest, false imprisonment, and malicious prosecution in a case that was subsequently dismissed. It also states that Watson "has endured continuous harassment from multiple police officers within the Aberdeen police force both before and after the arrest." The second letter to the same recipients is dated August 12, 2014, and refers to the July 22 letter. It indicates the date of the incident is "January 30 – February 1st" and "gives further notice of [Watson's] tort claims against the Town of Aberdeen, Aberdeen Police Department, Officer Thomilson, Detective Divel, and Officer Forsmark." It also advises, "Agents of the Town of Aberdeen and/or Aberdeen Police Force, Officer Thomilson, Detective Divel, and Officer Forsmark continue to engage in a course of conduct intended to intimidate, harass and defame Mr. Watson and his family." (*Id.*) The second letter was sent certified mail, return receipt requested, to the same recipients at the same address of the first letter, which was apparently sent via regular mail service.

Keeping in mind the basic notion of substantial compliance with the LGTCA's notice requirement—"whether the alleged notice was sufficient to . . . apprise local governments of possible liability at a time when they can conduct their own investigation into the relevant facts, while evidence and the recollection of witnesses are still fresh," *Hansen v. City of Laurel*, 996 A.2d 882, 891 (Md. Ct. Spec. App. 2010) (alteration, citation, and internal quotation marks omitted), *aff'd*, 25 A.3d 122 (Md. 2011), *quoted in Huggins v. Prince George's County*, 683 F.3d 525, 539 (4th Cir. 2012)—the Court concludes the two letters taken together constitute substantial compliance with the LGTCA.

According to the complaint, a robbery occurred on January 30, 2014, and Watson was arrested on robbery and related charges on February 6, 2014. (Compl., ¶¶ 13, 23, ECF No. 2.)

He was unable to post bond and remained in jail until late February 2014.  (*Id.* ¶ 25.)  The charges against him were dismissed June 17, 2014.  (*Id.* ¶¶ 26, 27.)  The LGTCA requires that notice be given within 180 days of the claimed injury.  Md. Code Ann., Cts. & Jud. Proc. § 5-304(b), (c) (LexisNexis Supp. 2014).  One hundred and eighty days before July 22, 2014, was January 23, 2014—prior to the January 30 robbery that formed the basis for the charges against Watson.  One hundred and eighty days before August 12, 2014, was February 13, 2014, a date on which Watson was still in jail.  The information in the two letters was sufficient for the City of Aberdeen and the Chief of the Aberdeen Police Department to make appropriate inquiries into Watson's claims.  Had they done so, then they likely would have discovered that Defendants Gentile and Budnick were involved in the investigation and/or the decision to charge Watson, as were the other named Defendants who were listed in the August 12, 2014, letter.

Although Watson's LGTCA notice was not perfect, perfection is not required.  Defendants were given adequate notice of Watson's claims that are now the subject of his complaint.  To the extent Defendants' motion to dismiss on this basis has not been ruled upon, the Court now DENIES this remaining portion of the motion (ECF No. 7.)

DATED this 2nd day of October, 2015.

BY THE COURT:

_____/s/_____
James K. Bredar
United States District Judge